NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERONICA SANCHEZ TORRES, | No. 17-73008 |
| Petitioner, | Agency No. A201-212-091 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022**

Before:     WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Veronica Sanchez Torres, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding that Sanchez Torres's convictions for petty theft under California Penal Code sections 484 and 666 are crimes involving moral turpitude that render her ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Silva v. Garland*, 993 F.3d 705, 710, 717 (9th Cir. 2021) (California theft constitutes a crime involving moral turpitude).

We do not address Sanchez Torres's contentions as to exceptional and extremely unusual hardship or other eligibility requirements for cancellation of removal because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

We lack jurisdiction to consider Sanchez Torres's contention that she is eligible for asylum, withholding of removal, or CAT protection because she failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the BIA).

To the extent Sanchez Torres contends that the BIA violated due process, she has not shown error. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a

17-73008

due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We do not consider the materials Sanchez Torres references and attaches to her opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**